## TAYLOR–LOGAN CO. v. WHITE, Collector of Internal Revenue.

### No. 2812.

Circuit Court of Appeals, First Circuit.

June 15, 1933.

Russell L. Davenport, of Holyoke, Mass. (Nathan P. Avery, of Holyoke, Mass., on the brief), for appellant.

J. Duke Smith, Sp. Asst. to U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief; Clarence M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Ralph E. Updike, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is the same case that was before this court in Taylor-Logan Co. v. White, Collector, 62 F.(2d) 336, 338, in which we reversed the judgment of the District Court, for the reason that it had failed to pass upon the agreed facts and the evidence submitted and find the facts essential to a proper disposition of the case. Since then the case has been remanded to that court, a hearing has been had, and the court has found the facts and entered judgment for the defendant. The sole question now before us is whether, on the facts found, the plaintiff's motion for judgment (which was denied, subject to exception) or the defendant's motion for judgment (which was granted, subject to exception) should have been granted or denied.

The action was brought to recover the sum of $12,634.15 paid by the plaintiff-appellant to the defendant as collector in two different amounts on the 19th day of October and the 3d day of November, 1927, under protest, to satisfy deficiency assessments, interest, and penalties assessed against the plaintiff as income taxes for the years 1918 and 1919. The additional assessments arose out of the fact that the Treasury Department disallowed a deduction of $10,110 taken by the plaintiff in its tax return; that being the amount of a promissory note for $7,500 and accrued interest given by James G. Taylor in his lifetime (Mr. Taylor died June 27, 1918) for money loaned him by the plaintiff, which note the plaintiff held at his death and relinquished to his estate for past services rendered by Mr. Taylor at an alleged inadequate salary.

It now appears in the findings of fact of the District Court that Mr. Taylor, at the time of his death in 1918, was and for some fourteen years prior thereto had been the president, general manager, and head salesman of the plaintiff, and, in addition thereto, had handled all of its advertising, taken care of its manufacturing, and developed its merchandise lines; that his services during these years were fairly worth to the plaintiff at least from $15,000 to $18,000 a year; that his salary during the last three years was $12,000 a year, and during the preceding six years $7,500 a year, or, on an average during the nine years of $9,000 a year; that the plaintiff corporation regarded the value of his services as "considerably in excess of the value [sum] paid to him at any time by the corporation"; and that the corporation, by a vote of its directors, in 1918, after Mr. Taylor's death, canceled the note and delivered it to the administrator of his estate "in recommendation [consideration] of said services," the preamble to which vote recited, among other things, that "James G. Taylor for many years [had] rendered valuable services to the corporation at an inadequate salary." It is further found "that the additional compensation for his services, represented by the cancellation of the note, was reasonable when considered in connection with what he actually received and what his services were reasonably worth"; and that there was no evidence of any attempted evasion or abuse by the board of directors of the income tax law by reason of their action.

It is contended by the defendant-appellee that the cancellation and surrender of the note was not " 'compensation for personal services actually rendered' within the meaning of Section 234 (a) (1) of the Revenue Act of 1918," for the reason that, when the cancellation and surrender of the note took place, Mr. Taylor, who rendered the personal services, was dead, having died shortly before the cancellation and surrender took place; that his estate had no equitable claim against the corporation, even though Mr. Taylor had; and that the cancellation and surrender of the note was a gift to the estate, not compensation for personal services actually rendered by Mr. Taylor.

This contention but begs the question, for it is expressly found that the corporation by vote of its directors surrendered the note in consideration of "valuable services to the corporation" which Mr. Taylor had rendered at an "inadequate salary." It thus appears that the surrender of the note was extra compensation for past services of Mr. Taylor for which he had been paid an inadequate salary (a fact which we stated in our previous opinion might be found from the evidence), and that the surrender was in consideration of the valuable services rendered at an inadequate salary. The contention that "the plaintiff should be denied the deduction simply because Mr. Taylor had died just before the passage of the vote" is not open to reconsideration here, for it was expressly passed up-

on when the case was previously before us. We there said: "Whether the corporation would surrender the note in an effort to make good the inadequte salary it had theretofore paid Mr. Taylor was for the corporation itself to determine, and we cannot see wherein the plaintiff should be denied the deduction simply because Mr. Taylor had died just before the passage of the vote was completed. The case is governed by the decision in Lucas v. Ox Fibre Brush Co., supra [281 U. S. 115, 50 S. Ct. 273, 74 L. Ed. 733]."

The judgment of the District Court is vacated, and the case is remanded to that court, with directions to enter judgment for the plaintiff.